[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 5, 1996
The plaintiff, Celestino Ferreira, filed a two count complaint against Safeco Insurance Company of America on February 13, 1996. The defendant has moved to strike the second count and associated claim for attorneys fees and interest. According to the complaint, the plaintiff was insured by the defendant when he was struck and injured by a car on October 27, 1994. As a result of the accident, the plaintiff incurred medical expenses in excess of eleven thousand ($11,000) dollars. The second count alleges that despite providing the defendant with documentation of the accident and injuries, the defendant has refused to pay any benefits for the medical expenses and has, accordingly, violated Sec. 38a-816 (15) of the General Statutes, commonly called the Connecticut Unfair Insurance Practices Act or CUIPA.
The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.) Novametrix Medical Systems Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15 (1992). In considering "a motion to strike, . . . [the court must] take the facts alleged in the complaint and construe them in a manner most favorable to the pleader . . ." (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro, 31 Conn. App. 235, 238-39 (1993). If CT Page 5128 a complaint contains the necessary elements of a cause of action, it will survive a motion to strike." Malizia v. Anderson,42 Conn. Sup. 114, 116 (1991).
Here the defendant challenges the sufficiency of the plaintiffs CUIPA claim on the ground that the complaint alleges only a single act of misconduct while the statute requires multiple acts. A single act is sufficient to state a cause of action under subsection (15).
A violation of CUIPA alleges that the defendants have "engage[d] . . . in any trade practice which is defined in Section 38a-816 as . . . an unfair method of competition or an unfair or deceptive act or practice in the business of insurance . . ." General Statutes, Sec. 38a-815. Section 38a-816
(15), upon which the plaintiff bases the second count of his complaint, states:
 The following are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:
* * *
 (15) Failure to pay accident and health claims within forty-five days of receipt by an insurer of the claimant's proof of loss form unless the insurance commissioner determines that a legitimate dispute exists as to coverage, liability or damages or that the claimant has fraudulently caused or contributed to the loss. Any insurer who fails to pay such a claim within the forty-five-day period shall pay the claimant the amount of such claim plus interest at the rate of fifteen per cent per annum . . .
The question of whether a single act is sufficient under subsection (15) has not been directly addressed by the courts, however, our Supreme Court has addressed the issue in another context. In Lees v. Middlesex Ins. Co., 229 Conn. 842 (1994), the court addressed a CUIPA claim brought under Sec. 38a-816 (6) of the General Statutes.[1] The Court observed that a claim under CUIPA predicated upon alleged unfair claim settlement practices in violation of § 38a-816 (6) requires proof that the unfair settlement practices were committed or performed `with such frequency as to indicate a general business practice.' MeadCT Page 5129v. Burns, 199 Conn. 651 . . . (1986)." Section 38a-816 (6) is unique among the other sections of CUIPA because it requires multiple acts. As the court stated: "We note that of the sixteen categories of unfair insurance practices proscribed by General Statutes § 38a-816, only subsection (6) expressly requires proof that the unfair claim settlement practices enumerated therein were committed or performed `with such frequency as to indicate a general business practice.'" Lees v. Middlesex Ins.Co., 229 Conn. 842, 848 n. 5.
"In order to determine the meaning of a statute . . . [the court] must consider the statute as a whole when reconciling its separate parts in order to render a reasonable overall interpretation . . ." (Citations omitted; internal quotation marks omitted.) Starr v. Commissioner of EnvironmentalProtection, 236 Conn. 722, 737 (1996). "[N]o part of a legislative enactment is to be treated as insignificant or unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase . . . [N]o word in a statute is to be treated as superfluous. Insofar as it is possible, the entire enactment is to be harmonized, each part made operative." (Citations omitted.) Keeney v. Fairfield Resources, Inc.,41 Conn. App. 120, 131 (1996), quoting Peck v. Jacquemin, 196 Conn. 53,66 (1985). Subsection (15) lacks the language found in subsection (6) regarding the frequency of the business practice, thus, the subsection can be construed to allow a single act to constitute a violation of the statute. Therefore, the second count contains all of the necessary elements of a valid cause of action.
The motion to strike is, accordingly, denied.
MORAGHAN, J.