[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 23, 1996
The plaintiff served the defendant with a two-count complaint based on breach of contract and unjust enrichment. On March 11, 1996, the plaintiff filed a motion for default for failure to plead, which motion was granted on March 12, 1996.
On April 29, 1996, the defendant filed a motion to set aside the default that had been entered on March 12, 1996. On the same day, the defendant filed an answer, a special defense and a counterclaim. On May 1, 1996, the plaintiff filed its objection to the motion to set aside the default, and on May 6, 1996, it filed a denial of special defenses and an answer and special defense to the defendant's counterclaim.
After hearing, the court on May 31, 1996 denied the defendant's motion to open the default. On June 11, 1996, the defendant filed a reply to the plaintiff's special defense to the counterclaim and claimed its counterclaim to the civil trial list.
On June 12, 1996, the plaintiff filed a motion for judgment on the default, which motion was denied by this court, apparently because of the fact that an answer, special defense and counterclaim were in the file. In the meantime, the defendant had also filed a notice of defense, purportedly pursuant to Practice Book § 367, advising the plaintiff that it intended to raise defenses at any hearing in damages held pursuant to the default. It is the plaintiff's objection to this notice of defenses and its motion to strike the defendant's counterclaim from the trial list CT Page 5622 that are the subject of the instant memorandum of decision. The parties argued these matters at short calendar on August 6, 1996, and filed memoranda of law on September 6, 1996.
As to the objection to notice of defenses, Practice Book § 368 requires that such a notice be filed within ten days after notice from the clerk to the defendant that a default has been entered. The defendant's notice, dated June 17, 1996 and filed the following day. was clearly filed more than ten days after the entry of the default. Moreover, it was filed more than ten days after this court's decision on May 31, 1996, denying the defendant's motion to open that default. Under these circumstances, the defendant is foreclosed from contesting liability. Wooding v. Zasciurinskas, 14 Conn. App. 164 (1988);Whalen v. Ives, 37 Conn. App. 7 (1995)
The defendant's claim that the plaintiff may not rely on Practice Book § 368 since it did not specifically plead it in its formal objection to the notice of defenses is unavailing. Both parties have referenced Practice Book § 367, which authorizes the filing of a notice of defenses, and that section implicates the time limitations prescribed by Practice Book § 368. The untimely filing of a notice of defenses "has no legal validity." Agranoff v. Royce, CV 94-56190S (J.D. of Tolland at Rockville) (Klaczak, J.) (March 19, 1995).
As to the motion to strike the counterclaim from the trial list, the defendant first argues that, by already having filed an answer and special defense to the counterclaim, it has waived its right to file a motion to strike. See Practice Book §§ 112 and 113. This is not, however, a motion which seeks to strike the counterclaim for failure to state a claim upon which relief may be granted. Rather, it seeks only to have a counterclaim removed from the trial list based on the contention that by virtue of the default entered against it, the defendant is not permitted to file a counterclaim. While the use of the word "strike" may be somewhat confusing, it is abundantly clear this is not a "motion to strike" within the meaning of Practice Book § 151, et seq. See Mozzochi v. Freedom of Information Commission, 6 CONN. L. RPTR. 360 (J.D. of Hartford at Hartford) (O'Neill, J.) (April 16, 1992).
Of somewhat greater substance is the defendant's argument that Practice Book § 116, which provides that "any defendant may tile counterclaims against any plaintiff . . . [that] arises CT Page 5623 out of the transactions or one of the transactions which is the subject of the plaintiff's complaint . . ." By analogy, the defendant argues that because a counterclaim will still go forward even if a plaintiff has withdrawn his or her underlying complaint, this defendant must be accorded the right to pursue its counterclaim even though it has been defaulted with respect to the plaintiff's complaint.
The parties have directed the court to no Connecticut cases which specifically purport to answer the question of whether a defendant who is in default with respect to the underlying complaint may nonetheless file a subsequent counterclaim. Several Florida cases. however, have considered this issue directly and have concluded that "a party in default may not file pleadings in an action, other than those pleadings that seek relief from the default." Rudner v. Cabrera, 455 So.2d 1093 (Fla.Ct.App. 1984); Bischoff v. Dixey Auto Parts and Equipment Corp.,346 So.2d 146 (Fla.Ct.App. 1994).
This logic is persuasive. It is the essence of the concept of "default" that one gives up the right to respond to allegations. The only exceptions contemplated by our rules are the right to move to open a default and the right to assert defenses at a hearing in damages in compliance with the provisions of Practice Book § 367, et seq. No other pleadings, including a counterclaim, are contemplated. The only trial court decision appearing to consider this kind of issue is in accord with this position. See Irving v. Cummings, CV-525708 (J.D. of New London at New London) (Austin, J.) (November 9, 1993). The defendant has offered no reason why a counterclaim should be viewed any differently from a motion to strike following default (as inIrving v. Cummings, supra) or any other kind of pleading.
For all the above reasons, the plaintiff's objection to notice of defenses is sustained, and its motion to strike the defendant's counterclaim from the trial list is granted.
SILBERT, J.