[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 2, 1996, the plaintiff, Lisa A. Mynahan, filed a seven-count complaint against the defendants, The Prudential Insurance Company of America ("Prudential") and Theodore Grieder. Mynahan revised her complaint for the third time on September 19, 1997. This third revised complaint consisted of thirteen counts and sounded in negligence, breach of the duty of good faith and fair dealing, negligent misrepresentation, breach of fiduciary duty, breach of contract and alleged a violation of CUTPA.[1]
Mynahan alleges the following facts:
Mynahan was a beneficiary of a term life insurance policy, in the face amount of $80,645.00, that was sold to her husband, David M. Mynahan, by the defendant Theodore Grieder, an insurance agent, and issued by the defendant Prudential on or about April 5, 1991. In June of 1994, Mynahan tendered payment to Grieder in the form of a money order in the amount of $173.94, a sum alleged to be sufficient to reinstate or maintain coverage under the policy. During the time surrounding this payment, Grieder asked Mynahan whether she wanted to have future premium payments for the policy at issue paid via payroll deduction and she agreed to this method of payment, as had been done some time prior during the term of the policy.
Subsequent to this discussion with Grieder and before the death of the insured, Mynahan noticed that premiums were not being deducted from her paycheck. Mynahan reported this to Grieder and he assured her that the coverage under the policy was still in effect. The insured died on July 25, 1994 and Mynahan, as beneficiary, demanded payment on the policy. CT Page 4916 Subsequent to this demand for payment, on August 16, 1994, Prudential advised Mynahan that the policy at issue was not in effect, as it had lapsed for nonpayment of a premium due on June 5, 1994. The present lawsuit ensued.
On October 1, 1997, Grieder filed a motion to strike the tenth count of Mynahan's complaint, which alleges a breach of the covenant of good faith and fair dealing, on the ground that it does not allege sufficient facts demonstrating that the defendant acted in bad faith. Additionally, Grieder moves to strike the eleventh and thirteenth counts of Mynahan's complaint, each of which alleges a violation of CUTPA, on the ground that each count fails to also allege a violation of CUIPA.[2] Grieder also moves to strike the eleventh and thirteenth counts on the alternate ground that each count fails to allege conduct which constitutes an unfair trade practice. Mynahan objects to Grieder's motion to strike.
Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580, 693 A.2d 293 (1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions. . . ." (Emphasis in original; internal quotation marks omitted.) Id., 588. "In considering a motion to strike, courts must "construe the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992).
 A. Count 10: Breach of the Covenant of Good Faith and Fair Dealing
Grieder moves to strike the tenth count of Mynahan's complaint on the ground that it fails to allege facts that Grieder acted in bad faith. Grieder contends that Mynahan fails to allege facts sufficient to show a breach of the covenant of CT Page 4917 good faith and fair dealing. Mynahan counters that her complaint alleges sufficient facts to support a claim of bad faith when "the [c]omplaint [is] taken as a whole." Plaintiff's Memorandum, p. 6.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Gupta v. New Britain General Hospital,239 Conn. 574, 598, 687 A.2d 111 (1996). "The implied covenant of good faith and fair dealing has been applied in a variety of contractual relationships, including . . . insurance contracts. (Internal quotation marks omitted.) Verrastro v. Middlesex Ins.Co., 207 Conn. 179, 190, 540 A.2d 693 (1988). "Accordingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." (Internal quotation marks omitted.) L.F. Pace Sons,Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 46,514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986).
"Bad faith means more than mere negligence; it involves a dishonest purpose." Gupta v. New Britain General Hospital,supra, 239 Conn. 598. "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v. Berglewicz,32 Conn. App. 857, 862, 632 A.2d 709 (1993). "[B]ad faith . . . implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." Buckman v.People Express, Inc., 205 Conn. 166, 171, 530 A.2d 596 (1987). Thus, in order to bring a claim for breach of the covenant of good faith and fair dealing, "the plaintiff must allege that the defendant did more than simply deny the plaintiff's claim for benefits." Puglio v. National Grange Mutual Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303610 (October 12, 1993, Maiocco, J.).
The tenth count of Mynahan's complaint asserts only that Mynahan's uninsured state is the result of Grieder's negligence, carelessness, and misrepresentation that Mynahan's coverage would be restored and would remain in effect. Plaintiff's Third Revised Complaint, Tenth count, ¶ 11. Mynahan's tenth count, however, fails to allege bad faith as there is no allegation demonstrating "`ill will,' `dishonest purpose,' `moral obliquity,' or `furtive design.'" Imperial Casualty Indemnity v.CT Page 4918ITT Hartford, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 551251 (January 31, 1997, Spada, J.). Therefore, Grieder's motion to strike the tenth count of the complaint is granted as it fails to allege facts showing a breach of the covenant of good faith and fair dealing.
B. Counts 11 and 13: Violation of CUTPA
Grieder moves to strike the eleventh and thirteenth counts of the complaint on the ground that they allege CUTPA violations but fail to allege CUIPA violations, as well. Grieder also argues that each claim fails to meet the minimal requirement of making out a claim for a CUTPA violation. Mynahan, on the other hand, argues that the eleventh and thirteenth counts are legally sufficient because the complaint can be read to assert a cause of action under "[s]ection (15) of [General Statutes] Section 38a-816 [CUIPA], which applies to an insurer's failure to pay accident and health claims within 45 days of receipt by an insurer of claimant's proof of loss form" as well as under subsection (6)." Plaintiff's Memorandum, p. 4.
"A plaintiff may not bring a cause of action under CUTPA based on conduct which does not also violate CUIPA where the alleged misconduct is related to the insurance industry." Waughv. Nationwide Mutual Ins. Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 244236 (January 5, 1995, Silbert, J.), citing Mead v. Burns, 199 Conn. 651, 663-66,509 A.2d 11 (1986). A violation of CUIPA alleges that the defendant has engaged in "unfair [methods] of competition or an unfair or deceptive act or practice in the business of insurance. . . ." General Statutes § 38a-815. Section 38a-816 of CUIPA defines eighteen categories of unfair insurance practices. General Statutes § 38a-816. Section 38a-816 (15), defines the "[f]ailure to pay accident and health claims within forty-five days of receipt by an insurer of the claimant's proof of loss form . . ." as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. General Statutes § 38a-816 (15). See Ferreira v. Safeco Ins.Co. of America, Superior Court, judicial district of Danbury, Docket No. 323152 (July 5, 1996, Moraghan, J.) (17 Conn. L. Rptr. 315, 316) (finding that the insurer's act of refusing to pay the insured's claim after an automobile accident despite insured's supplying documentation of the accident and injuries, was within the statutory prohibition of section 38a-816 (15)).[3]
CT Page 4919
In the present case, the court agrees with Mynahan that the eleventh and thirteenth counts can be read as asserting a claim under section 15 of CUIPA which prohibits an insurer from declining to pay accident and health claims within 45 days of receipt of a claimant's proof of loss form. General Statutes §38a-816 (15). Mynahan alleges that she is the spouse beneficiary of her husband's term life insurance policy; that she tendered payment of an amount which was sum sufficient to reinstate and maintain coverage under the policy; that she demanded payment under the policy after her husband died in late July 1994; and, that the defendant refused to pay benefits under the policy. Third Revised Complaint, Eleventh count, ¶¶ 1-12. These facts, therefore, "construe[d] . . . in a light most favorable to the pleader", RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994), make out a claim for violation of section 15 of CUIPA.
Greider's contention to the contrary notwithstanding, Mynahan sets forth a legally sufficient claim under CUTPA although she does not specifically allege one of the "unfair insurance practices defined in Section 38a-816." See, Defendant's Memorandum, pp. 10-11. While Mynahan does not expressly label her claim as a violation of § 38a-816 (15), she does allege "conduct which . . . [violates] CUIPA [section 15]."Waugh v. Nationwide Mutual Ins. Co., supra, Superior Court, Docket No. 244236, citing Mead v. Burns., supra, 199 Conn. 665-66.
The defendant cites Lees v. Middlesex Ins. Co., supra,229 Conn. 850 and Mead v. Burns, supra, 199 Conn. 665, for the proposition that pleading a violation of CUTPA requires pleading a specific violation of CUIPA. These decisions conclude, however, that "a CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein." Lees v. Middlesex Ins. Co., supra,229 Conn. 850 and Mead v. Burns, supra, 199 Conn. 665. See, Lee v.Middlesex, supra, 229 Conn. 849 (rejecting CUTPA claim based on38a-816 (6) as claim fails to allege conduct consistent with the legislative intent to exempt from coverage under 38a-816 (6) isolated instances of insurer misconduct); Mead v. Burns, supra,199 Conn. 665 (same); Quimby v. Kimberly Clark Corp. ,28 Conn. App. 660, 613 A.2d 838 (1992) (striking CUTPA claim based on 38a-816 (6) violation as the defendant failed to allege conduct consistent with 38a-816 (6)). Accordingly, Grieder's motion to strike counts eleven and thirteen is denied on this ground. CT Page 4920
The defendant further moves to strike the eleventh and thirteenth counts of Mynahan's complaint on the alternate ground that these counts fail to allege conduct by Grieder which constitutes an unfair trade practice under CUTPA. Mynahan argues that her complaint alleges sufficient facts for a CUTPA violation because it alleges "a course of multiple misconduct" in Grieder's treatment of Mynahan's insurance claim. Plaintiff's Memorandum, p. 6.
"In determining whether a practice violates CUTPA, we use the [cigarette rule] criteria: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers, [(competitors, or other businessmen)]." (Internal quotation marks omitted.) Daddona v. Liberty Mobile Home Sales Inc.,209 Conn. 243, 254, 550 A.2d 1061 (1988).
"All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." Jacobs v. Healey Ford-Subaru, 231 Conn. 707, 725-26,652 A.2d 496 (1995).
In Joseph v. Hannan Agency, Inc., Superior Court, judicial district of Danbury, Docket No. 323310, (January 9, 1997,Moraghan, J.) (18 Conn. L. Rptr. 552, 553), the court denied the defendants' motion to strike the plaintiffs' CUTPA claims on the ground that they failed to "set forth a CUTPA claim and the elements of the legal test for an unfair trade practice." In so holding, the court found that the plaintiffs satisfied the first prong of the cigarette rule by pleading that the insurer accepted several premium payments, made statements to the plaintiffs that workers' compensation insurance had been secured, issued certificates of insurance to the plaintiffs, and the plaintiffs were not, in fact, covered by the insurance.Id., 554. The court reasoned that the second prong was satisfied CT Page 4921 as such facts detailed acts which were "immoral, unethical, oppressive, and unscrupulous." Id. The court found that the plaintiffs satisfied the third prong as their injury was substantial. In addition, the court went on to conclude that the injury was unfair as (1) it was not outweighed by any countervailing benefits to consumers or competition that the practice produces; and (2) it was an injury that the consumers themselves could not have reasonably avoided. Id.
In Greenwich Roofing and Sheet Metal Works, Inc. v. GoldenO'Neill and Gebhardt, Inc., Superior Court, judicial district of Stamford, Docket No. 152859, (September 26, 1996, Mintz, J.) (17 Conn. L. Rptr. 654, 654), the court denied the defendant insurer's motion to strike the plaintiff's complaint on the ground that the complaint did not state a claim under CUTPA as it failed to allege unfair business practices. The plaintiff alleged that the defendant contracted to procure fire insurance for the plaintiff and failed to do so. Id., 653. The plaintiff's business was subsequently destroyed by fire. Id. In finding that the plaintiff stated a CUTPA violation, the court reasoned that as the claim sounded in negligence and breach of an agreement, the plaintiff need not satisfy each of the three prongs of the rule. Id., 654. The plaintiff alleged that the defendant insurer's acts were immoral, unethical, oppressive and unscrupulous and the court found that the plaintiff satisfied this second prong of the cigarette rule as the insurer "held itself out as a specialist, was a long-term insurance broker of the plaintiff, undertook to advise, counsel and obtain the . . . insurance needed by the plaintiff to protect its property, and . . . breached its agreement." Id.
The present case is similar to Joseph v. Hannan Agency,Inc., supra, 18 Conn. L. Rptr. 552 and Greenwich Roofing andSheet Metal Works, Inc. v. Golden O'Neill and Gebhardt, Inc.,supra, 17 Conn. L. Rptr. 654, and the court adopts the reasoning of those courts and finds that Mynahan has alleged sufficient facts showing an unfair trade practice. The eleventh and thirteenth counts allege that Grieder violated CUTPA by failing to properly apply premiums tendered to him; by failing to take appropriate measures to insure that the premiums were deducted from Mynahan's payroll; by failing to notify the insured that its policy was about to lapse; and, by misrepresenting to Mynahan that the insured's coverage was in effect and would remain in effect in the future. Third Revised Complaint, Eleventh count, ¶¶ 1-12. Counts eleven and thirteen sound in negligence and breach of contract and allege acts which are CT Page 4922 immoral, unethical, oppressive and unscrupulous. Accordingly, Grieder's motion to strike the eleventh and thirteenth counts of Mynahan's complaint alleging a cause of action under CUTPA is hereby denied.
CONCLUSION
Based on the foregoing, the defendant, Theodore Grieder's, motion to strike the tenth count of Mynahan's third revised complaint is granted. However, his motion to strike the eleventh and thirteenth counts of Mynahan's third revised complaint is hereby denied.
Dated at Waterbury, Connecticut this 8th day of April, 1998.
BY THE COURT,
ESPINOSA, J.