HERBERT A. FEINBERG *v.* HENRY BERGLEWICZ ET AL.
(11749)

DUPONT, C. J., DALY and LAVERY, Js.

Argued September 13—decision released October 12, 1993

*Maureen E. Donahue,* for the appellant (plaintiff).

*William A. Conti,* with whom, on the brief, was *Lynn D. Wittenbrink,* for the appellees (defendants).

LAVERY, J. The plaintiff, Herbert A. Feinberg, appeals from the dismissal of his breach of contract action against the defendants, Henry Berglewicz and Carl Muller, for failing to establish a prima facie case. The central issue on appeal is whether the trial court correctly dismissed the plaintiff's case under Practice Book § 302.[1] The plaintiff claims that he presented evidence that, viewed most favorably to make a prima facie case, established that the defendants (1) failed to use reasonable efforts to satisfy a condition to the contract, (2) breached the contract, (3) acted in bad faith and (4) breached an implied covenant of good faith. The trial court did not agree; neither do we. We affirm the trial court's judgment.

This appeal arises from a dispute between the parties over the sale of commercial property in Barkhamsted. The parties are experienced businessmen; the defendants buyers had substantial experience in real estate development; the plaintiff seller had invested in realty previously and was represented by a commercial development realtor. On March 31, 1989, the parties signed a one page purchase and sale agreement containing two conditions. The defendants promised to pay the plaintiff $585,000 sixty days from the date of the agreement conditioned (1) on the plaintiff's taking a second mortgage for $85,000 and (2) on the defendants' "obtain[ing] [a] special exception to permit manufacturing uses in the building."[2]

---

[1] Practice Book § 302 provides: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. . . ."

[2] A third contingency permitted the defendants to cancel if unable to secure a mortgage. The defendants waived this condition and we need not address it.

During the next two months, the defendants sought tenants for the premises and a special exception from the zoning commission. The property was zoned industrial, but Barkhamsted required a special exception to conduct industrial activity. The town also required that the application specify the proposed type of industrial use. Because the defendants had not found a tenant, they were unable to specify the proposed use. The defendants requested an extension of the agreement period so that they could find a tenant and specify the use; the plaintiff refused. Nonetheless, the defendants filed an application with the zoning commission without specifying a use. It was denied on June 23, 1989.

After the denial, the defendants requested return of their deposit. The plaintiff refused and insisted on performance of the contract. This suit resulted. After presenting evidence for two days, the plaintiff rested. The trial court then granted the defendants' motion for dismissal for failure to make out a prima facie case pursuant to Practice Book § 302. The trial court ruled that the zoning contingency was a condition precedent to the agreement, which was not met. When the zoning condition was not satisfied, the agreement became unenforceable. The plaintiff alleged that the zoning condition was not met because the defendants did not use their best efforts to secure a mortgage for the purchase.

In considering a motion under Practice Book § 302, a trial court must consider as true all of the plaintiff's evidence. *Hinchliffe* v. *American Motors Corporation,* 184 Conn. 607, 609–10, 440 A.2d 810 (1981); *Bolmer* v. *Kocet,* 6 Conn. App. 595, 603, 507 A.2d 129 (1986). Further, a trial court must draw all reasonable inferences in the plaintiff's favor. *Pagni* v. *Corneal,* 13 Conn. App. 468, 470, 537 A.2d 520, cert. denied, 207 Conn. 810, 541 A.2d 1239 (1988).[3] "[W]hen the evidence pro-

[3] The trial court's limited discretion in ruling on a Practice Book § 302 motion contrasts with the trial court's discretion in ruling on the merits

duced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff," dismissal is appropriate. *Hinchliffe* v. *American Motors Corporation,* supra, 609; *Gulycz* v. *Stop & Shop Cos.,* 29 Conn. App. 519, 523, 615 A.2d 1087, cert. denied, 224 Conn. 923, 618 A.2d 527 (1992).

On appeal of a dismissal pursuant to Practice Book § 302, the reviewing court considers the trial court's conclusions in light of the evidence in the record. *Bershtein, Bershtein & Bershtein* v. *Nemeth,* 221 Conn. 236, 239, 603 A.2d 389 (1992).

The trial court ruled that the zoning special exception contingency was a condition precedent to the agreement. "A condition is an event, not certain to occur, which must occur . . . before performance under a contract becomes due." 2 Restatement (Second), Contracts § 224 (1981). If the condition is not fulfilled, the right to enforce the contract does not come into existence. *K. A. Thompson Electric Co.* v. *Wesco, Inc.,* 27 Conn. App. 120, 126, 604 A.2d 828 (1992). In this case, the agreement's plain, unambiguous language conditioned its validity on the zoning special exception. See 2 Restatement (Second), Contracts § 226 (1981). Because the plaintiff, notwithstanding his business acumen, declined to write a more specific condition, failure of the zoning condition completely invalidated the contract. Thus, the zoning commission's denial made the agreement void against either party. *K. A. Thompson Electric Co.* v. *Wesco, Inc.,* supra, 124.

of a case. The constraints imposed under Practice Book § 302 "are removed, of course, when the trial court is passing upon the merits of a case. 'Once a case is ultimately presented to the factfinder for final decision, an entirely different analysis is applied. Rather than being required to take as true the evidence offered by the plaintiff, the trier of fact can disbelieve any evidence, even if uncontradicted.' (Citations omitted.)" *Strickland* v. *Vescovi,* 3 Conn. App. 10, 15, 484 A.2d 460 (1984), quoting *Berchtold* v. *Maggi,* 191 Conn. 266, 272, 464 A.2d 1 (1983).

The plaintiff claims that the defendants failed to make reasonable efforts to satisfy the zoning condition. Contingency clauses imply a promise that they will be pursued with reasonable effort. Id., 127; *Phillipe* v. *Thomas,* 3 Conn. App. 471, 475, 489 A.2d 1056 (1985). Thus, if the plaintiff established that the defendants failed to make reasonable efforts to obtain the zoning condition, the failure of the condition precedent would not have excused the defendants' performance. The trial court concluded, however, that the plaintiff did not produce evidence to show that the defendants failed to use their best efforts to obtain the special exception.

Viewing the plaintiff's evidence as true, the evidence was that the plaintiff allowed the defendants only three months to find a tenant and to satisfy the zoning condition, and that, during that time, the defendants negotiated with at least seven potential tenants. Further evidence was that the defendants consulted a general contractor and a heating contractor about renovating the building. They sought financing from two local banks. They also commissioned a study of alternative uses and an artist's rendering for marketing purposes. Finally, they applied to the Barkhamsted zoning commission for the required special exception. This evidence, accepted as true, allowed the court to conclude that the plaintiff did not produce evidence to show that the defendants failed to use their best efforts to obtain the zoning special condition. Therefore, we will not disturb the trial court's conclusion that the plaintiff failed to establish a prima facie case.

The plaintiff's only remaining claim is that the defendants acted in bad faith. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." *Habetz* v. *Condon,* 224 Conn. 231, 238, 618 A.2d 501 (1992). "Bad faith means more than mere

negligence; it involves a dishonest purpose." Id., 237. Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive. Id.

Here again, we hold that the trial court was correct in concluding that the evidence to establish the plaintiff's cause of action failed to exist. Viewing plaintiff's evidence as true, the trial court found no evidence of bad faith. The defendants' reasonable efforts to satisfy the zoning condition belie the claim of bad faith. The defendants attempted honestly to find a tenant. The defendants could not specify the use, as required by the zoning commission, because they had yet to find a tenant. Their request for more time in which to locate a tenant was denied by the plaintiff himself. Even after the zoning commission denied the application, the defendants continued negotiating with potential tenants. They also requested additional time in which to find tenants so they could satisfy the zoning commission's specific use requirement. That request and additional option offers on the property made by the defendants were denied by the plaintiff. This evidence adduced by the plaintiff and taken as true, establishes that the plaintiff did not show that the defendants failed to use their best efforts to obtain the special exception.

In sum, the evidence, taken as true, was that the defendants made reasonable efforts to satisfy the zoning condition and acted in good faith. The contingent nature of the contract is unambiguous. The plaintiff, experienced in business and realty, missed his opportunity to make the condition more specific. Because the condition was not satisfied, the contract was not binding. Absent a binding contract, there can be no breach. Thus, the plaintiff's other claims must also fail. The trial court properly dismissed the plaintiff's case.

The judgment is affirmed.

In this opinion the other judges concurred.