[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 23, 1997
On February 28, 1997, the plaintiff, Connecticut Environmental Associates, filed a revised six-count complaint against the defendants, Connecticut Resources Recovery Authority (CRRA), and Arthur Fay, William Darcy, Paul Guidone, and Robert Wright individually and in their capacities as officers of CRRA. The complaint alleges the following facts.
The plaintiff and the CRRA executed an agreement, extended by letter to May 15, 1996, providing for the CRRA to accept certain waste brought by the plaintiff in exchange for service and disposal fees. On April 10, 1996, the plaintiff had "no significant balance due" other than charges not due until April 30, 1996 under the terms of the agreement. On April 19, 1996, the CRRA notified the plaintiff that it was closed out from the facility, i.e. that CRRA would no longer accept waste from the plaintiff. The plaintiff alleges (1) breach of contract; (2) tortious breach of contract; (3) bad faith; (4) violation of the Connecticut Unfair Trade Practices Act (CUTPA) by CRRA; (5) violation of CUTPA by Darcy, Guidone and Wright; (6) violation of CUTPA by Fay. CT Page 12422
The defendants filed a motion to strike and an accompanying memoranda of law dated March 24, 1997. The defendants move to strike counts two through six on the ground that the plaintiff has failed to allege sufficient facts to state causes of action. The plaintiff filed a memorandum in opposition to the motion to strike on April 28, 1997.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580 (1997).
In count two, the plaintiff alleges that the "close out and breach of the contract between the plaintiff and the defendant CRRA was tortiously undertaken, allowed and or ratified, contrary to, and in abrogation of, their duties and responsibilities," by the individual defendants, Fay, Darcy, Guidone and Wright. (Amended Complaint, Count Two, ¶ 15.) The defendant argues that the plaintiff has failed to plead facts with regard to the individual behaviors which were allegedly tortious. The plaintiff argues that it has alleged a tort in that the individual defendants acted in abrogation of their duties and responsibilities.
There is no cause of action for "tortious breach of contract" separable from a breach of contract claim. In the alternative, the plaintiff has failed to allege facts sufficient to state a cause of action for tortious breach of contract.
"There is no distinct cause of action for `Tortious Breach of Contract.'" Radie v. Konica Business Machines USA, Inc.,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 548110 (November 9, 1995, Corradino, J.). At least one Superior Court has relied upon L.F Pace Sons, Inc. v.Travelers Co., 9 Conn. App. 30, 514 A.2d 766. cert. denied,201 Conn. 811 (1986), limited, 40 Conn. App. 577 (1996),[1] for the proposition that "[a] claim for bad faith breach of contract gives rise `to a distinct tort claim.'" See Capozzielo v. PostCT Page 12423Publishing Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307141 (November 29, 1994, Rodriguez, J.);Ruby's, Inc. v. Post Publishing Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307141 (November 29, 1994, Rodriguez, J,).[2]
"L.F. Pace Sons v. Travelers Indemnity Co., 9 Conn. App. 30,47-49 (1986) merely stands for the proposition that where there is a claim for breach of an implied contract, punitive damages can be recovered on that cause of action if an underlying tort or tortious conduct is proved . . . but L.F. Pace and the Restatement [(Second) of Torts] do not recognize a separate cause of action for tortious breach of conduct independent of and as some kind of adjunct to the . . . contract claim." Radie v. KonicaBusiness Machines USA, Inc., supra, Superior Court, Docket No. 548110. See also Lavallee v. Container Graphics Corp., Superior Court, judicial district of Rockville at Tolland, Docket No. 45497, 5 CONN. L. RPTR. 184 (June 28, 1991, Dunn, J.) ("A `tortious breach of contract' claim, based upon a laundry list of tort theories, is not a cause of action recognized by the Connecticut courts").
In the alternative, even if the court were to recognize a distinct claim for tortious breach of contract, the plaintiff has failed to allege sufficient facts to state such a cause of action. The plaintiff has incorporated the allegations of the breach of contract claim and added that the breach of contract was tortious and that the individual defendants acted contrary to their duties. The plaintiff has not alleged facts sufficient to support its conclusion that the defendants acted tortiously. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). Cf. Brown v. Branford,12 Conn. App. 106, 110, 529 A.2d 743 (1987) (party cannot transform a negligence count into a count for wilful and wrongful misconduct solely by appending a string of adjectives to allegations clearly sounding in negligence). Because the plaintiff has failed to allege facts sufficient to support a claim of tortious breach of contract, it is further submitted that the motion to strike count is granted.
In count three, the plaintiff incorporates the allegations of the first count and adds that "the aforesaid close out was done in bad faith by the defendants to give competitors of [the CT Page 12424 plaintiff] and [sic] unfair advantage and in breach of the defendant CRRA's duty to conduct its dealings with the plaintiff under the contract between the plaintiff and the defendant CRRA in good faith." (Amended Complaint, Count Three, ¶ 15.) The defendant argues that the plaintiff has failed to plead facts regarding bad faith. The plaintiff argues that they have alleged bad faith in that the defendants gave its competitors an unfair advantage.
Construing the facts most favorable to the pleader, the plaintiff has alleged sufficient facts to state a cause of action for breach of the implied covenant of good faith. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." (Internal quotation marks omitted.) Gupta v. New Britain GeneralHospital, 239 Conn. 574, 598, 687 A.2d 111 (1996). "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v.Berglewicz, 32 Conn. App. 857, 862, 632 A.2d 709 (1993). Here, the plaintiff has alleged an interested or sinister motive: to give the plaintiffs competitors an unfair advantage. Therefore the motion to strike count three is denied.
Counts four, five and six allege violations of CUTPA by the CRRA and its officers. The defendants argue that the CRRA and its officers are exempt from CUTPA. In the alternative, the defendants argue that the plaintiff has failed to allege sufficient facts to state a claim under CUTPA. The plaintiff argues that the exception under CUTPA is not applicable and that even if it is, it does not apply to the officers individually. The court cannot determine whether the exception to CUTPA covers the actions of the defendants at this time because the defendants cannot properly meet their burden of proving exemption on a motion to strike. In the alternative, the exemption applies.
General Statutes § 42-110c(a) provides: "Nothing in this chapter shall apply to: (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officers acting under statutory authority of the state or of the United States . . ." The Connecticut Resources Recovery Authority is a "body politic and corporate, constituting a public instrumentality and political subdivision of the state . . . not be construed to be a department. institution or agency of the state." General Statutes § 22a-261 (a). "Section 42-110c(b) CT Page 12425 provides, `[t]he burden of proving exemption, as provided in this section, from the provisions of this chapter shall be upon the person claiming the exemption.'" Leydon v. Town of Greenwich,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 143373 (December 1, 1995, Karazin, J.).
Here, the defendants bear the burden of proving that they are exempt from the provisions of CUTPA. "A moving party in a motion to strike," however, "is not procedurally permitted to prove anything. There is no way the requirements of the statute can be met at this stage in the pleadings." Id. See also The ConnecticutLight Power Co. v. Clark, Superior Court, judicial district of Danbury, Docket No. 319078, 17 CONN. L. RPTR. 37 (May 16, 1996, Moraghan, J.) (plaintiff cannot meet burden of proving exemption under § 42-110c on motion to strike because finding would require court to examine facts and documents outside the current record).
If the court determines that the applicability of General Statutes § 42-110c(a) can be decided at this point, the exception applies to the defendants. The plaintiffs argue that the defendants cannot be exempt because neither `actions permitted by law `nor' actions pursuant to statutory authority' can be construed to include "[putting] someone out of business so as to create an unfair advantage for someone's competitors' or "tortious breach of contract." (Memorandum in Opposition to Motion to Strike, pp. 3-4.) The plaintiffs argument, however, betrays a misunderstanding of the exception. The allegedly wrongful acts of a party do not need to be expressly permitted by law before it can be exempt from CUTPA. Rather, the acts from which the plaintiffs claims arise must be authorized by law.
The Connecticut Supreme Court held in Connelly v. HousingAuthority, 213 Conn. 354, 361, 567 A.2d 1212 (1990), that the actions of the housing authority in leasing and renting apartments are exempt from scrutiny under CUTPA. The court stated that "the `transactions or actions otherwise permitted under law' are the continued leasing or renting of subsidized apartments to low income tenants." Id. As a result, the "failure of the defendant to provide adequate and stable heat and hot water to tenants does not give rise to a claim for damages against it under CUTPA." Id., 365. Contrary to the plaintiff's argument, the court did not require that the failure to provide adequate heat be legally authorized. Similarly, the actions of the defendants here that must be pursuant to law are the making of the contract CT Page 12426 with the plaintiff, not the alleged breach of said contract.
In Automated Salvage Transport, Inc. v. WheelabratorEnvironmental Systems, Inc., Superior Court, judicial district of New Haven, Docket No. 390691 (October 8, 1996, Hodgson, J.) (18 CONN. L. RPTR. 6), the court considered a motion to strike the CUTPA claims of the plaintiffs, companies which were in the business of collecting and recycling refuse, against the CRRA and other defendants. The defendants moved to strike the CUTPA claims on the ground that they were exempt under General Statutes § 42-110c. The court determined that the "transaction or action is the agreement between CRRA and the other defendants concerning the operation of waste disposal facilities." AutomatedSalvage Transport, Inc. v. Wheelabrator Environmental SystemsInc., supra, 18 CONN. L. RPTR. 9. The court concluded that "the exemption set forth in § 42-110c applies, since the CRRA is authorized to contract with entities such as the private defendants as part of its plan of operation . . ." Id. With regard to the private defendants, the court stated, "the exemption applies not according to the identity of the party but rather to the transaction itself." Id. "Since the transaction at issue is exempt by the terms of § 42a-110c, no party to that transaction is subject to CUTPA liability." Id.
The court in an unpublished opinion in Progress ParkAssociates v. Connecticut Resources Recovery Authority, Superior Court, judicial district of Middlesex, Docket No. 55221 (December 12, 1990. Hendel, J.), held that the transactions of the CRRA are exempt from CUTPA under General Statutes § 42-110c. The court relied on Connelly v. Housing Authority, 213 Conn. 354,567 A.2d 1212 (1990) (housing authority is exempt from CUTPA) and Russellv. Dean Witter Reynolds Inc., 200 Conn. 172, 510 A.2d 972 (1986) (CUTPA does not apply to deceptive practices in purchase and sale of securities). The court in Progress Park Associates v.Connecticut Resources Recovery Authority, supra, Superior Court, Docket No. 55221, relied on the facts that the CRRA is a creature of statute; the CRRA is subject to state regulation; and FTC rules have not been applied to bodies similar to the CRRA to hold that the CRRA is exempt. Id. "The reasoning and summary of authorities in Progress Park Associates v. Connecticut ResourcesRecovery Authority" was found to be convincing and was adopted by the court in Rollins Leasing Corps. v. Connecticut ResourcesRecovery Authority, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 549301 (December 8, 1995, Wagner, J.) (granting defendant's motion to strike CUTPA CT Page 12427 claim based on CRRA's failure to make payment pursuant to settlement agreement).
The CRRA was created by statute; General Statutes § 22a-261
(a): and its contracts with private entities are authorized and regulated by statute. General Statutes §§ 22a-265, 22a-266,22a-268. Thus, the CRRA is exempt from CUTPA. The individual defendants would also be exempt from CUTPA under the reasoning ofAutomated Salvage Transport, Inc. v. Wheelabrator EnvironmentalSystems, Inc., supra, 18 CONN. L. RPTR. 9, because their dealings with the plaintiff arose from the same transaction. See discussion, supra
Furthermore, the individual defendants can be considered to be officers acting under the statutory authority of the state. The plaintiff argues that "[n]othing in CRRA's grant of authority or the authority of its individual officers named as defendantsexpressly authorizes the tortious conduct alleged in the plaintiffs complaint." (Memorandum in Opposition to Motion to Strike, p. 4.) As discussed, supra, it is the power to contract with the plaintiff, not the allegedly tortious conduct that must be authorized. See Connelly v. Housing Authority, 213 Conn. 354,361, 567 A.2d 1212 (1990).[3]
For the foregoing reasons, the motion to strike is granted as to count two and counts four through six. The motion to strike count three is denied.
ZOARSKI, J.