[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Edward Ruther, filed a revised four count complaint dated January 14, 1997, against the defendant, Continental Insurance Company. The complaint sounds in failure to CT Page 5009 pay (count one), breach of contract (count two), breach of the duty of good faith and fair dealing (count three), and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. (count four).
The defendant has filed a motion to strike (120) counts three and four of the complaint based on the ground that "the plaintiff has not adequately alleged the predicate factual elements necessary to maintain claims for breach of the duty of good faith and fair dealing . . . and CUTPA . . . with regard to a contract of insurance, and in that this issue has previously been decided." The defendant refers to the court's granting of a previous motion to strike an earlier draft of the complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
Each of the parties attempts to invoke the "law of the case" doctrine. The defendant argues that the plaintiff has not added anything significant to the complaint since the court's granting of its first motion to strike, and that decision, therefore, is the "law of the case." The plaintiff argues that the court already decided the relevant issues presented here on a request to revise the amended complaint. According to the plaintiff, that decision is the "law of the case."
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . Where a matter has previously been rule upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982). CT Page 5010
The "law of the case" doctrine, as used by both parties, is inapplicable to the present case. The court's decision regarding the request to revise the amended complaint did not address the legal sufficiency of the complaint. See Practice Book § 147, now Practice Book (1998 Rev.) § 10-35. This court is now faced with a motion to strike which does contest the legal sufficiency of the complaint. See Practice Book § 152, now Practice Book (1998 Rev.) § 10-39. The decision on the request to revise, therefore, has no bearing on this court. Additionally, the previous court's ruling on the first motion to strike did not address the facts currently alleged in this revised complaint. Therefore, the "law of the case" doctrine does not apply for this reason either. As such, the court will reach the other grounds of the defendant's motion.
The third count of the complaint sounds in a breach of the duty of good faith and fair dealing. Specifically, the plaintiff alleges that the defendant acted "in a manner designed to mislead and/or deceive the plaintiff" in that it "attempted to deceive the plaintiff . . . as to the true fair value of the [plaintiff's] claim and contractual benefits under the terms of the policy." The plaintiff claims also that the defendant knew or should have known that the plaintiff's claim "is far greater than the amount offered" by the defendant. The plaintiff, in separate paragraphs, also labels this conduct "reckless, " acting "deliberately with dishonest purpose, " and acting "in a wanton and malicious manner with evil motive."
The requirements of pleading a breach of the duty of good faith and fair dealing is well established. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. Bad faith means more than mere negligence; it involves a dishonest purpose." (internal quotation marks omitted.) Gupta v. NewBritain General Hospital, 239 Conn. 574, 598, 687 A.2d 111 (1 996). "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v. Berlewicz, 32 Conn. App. 857, 861,632 A.2d 709 (1993). See also Chapman v. Norfolk Dedham Mutual Fire Ins.Co., 39 Conn. App. 306, 320-21, 665 A.2d 112, cert. denied,235 Conn. 925, 666, A.2d 1185 (1995).
In the present case, the plaintiff fails to allege what is, CT Page 5011 if any, the defendant's "interested or sinister motive." The plaintiff echoes boilerplate case law language without substantiating its claims with supporting facts. In essence, the plaintiff alleges only that the defendant rejected the plaintiffs claims in bad faith. This allegation alone is not enough to maintain a cause of action sounding in a breach of the duty of good faith and fair dealing. Count three of the complaint is legally insufficient. The motion to strike count three, therefore, is granted.
Count four of the complaint sounds in a violation of CUTPA. Specifically, the plaintiff realleges previous paragraphs of the complaint and claims that such conduct is a violation of CUTPA.
It is well established that "isolated instances of unfair insurance settlement practices" do not rise to the level of a CUTPA cause of action. Mead v. Burns, 199 Conn. 651, 666,509 A.2d 11 (1986). "[A] CUTPA claim based on an alleged unfair claim settlement practice . . . [requires] proof . . . that the unfair settlement practice [has] been committed or performed by the defendant with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Lees v.Middlesex Ins. Co., 229 Conn. 842, 850, 643 A.2d 1282 (1994).
In the present case, the plaintiff complains only of the alleged misconduct committed against him by the defendant. These allegations do not implicate "the general business practice" of the defendant. Rather, the plaintiff is complaining only of an isolated instance of insurer misconduct. Count four of the complaint is legally insufficient. The motion to strike count four of the complaint, therefore, is granted.
So Ordered.
Dated at Stamford, Connecticut, this 25th day of April, 1998.
WILLIAM BURKE LEWIS, JUDGE