[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 106) 
Before the court is the defendants' motion to strike the third and fourth counts of the plaintiff's revised complaint. On March 27, 2000, the plaintiff, Pine Creek Partners, LLC, filed a ten-count revised complaint in which it alleges causes of action against the defendants, Joseph L. Seaman and J. L. Seaman, LLC, for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Connecticut Unfair Trade Practice Act, General Statutes § 42-110a et seq., conversion and theft. According to the said complaint, this action arises out of a contract between the parties pursuant to which the defendants were to perform excavation, paving and other construction to improve property owned by the plaintiff. The plaintiff alleges that the defendants breached the contract by not completing the work according to the contract.
On April 10, 2000, the defendants filed a motion to strike counts three and four of the revised complaint, in which the plaintiff asserts causes of action against them for breach of the implied covenant of good faith and fair dealing. The defendants filed a memorandum in support of their motion and the plaintiff filed an objection and memorandum in opposition thereto.
"[A] motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court. . . .[The court must] take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 588, 693 A.2d 293 (1977)
In counts three and four of the complaint, the plaintiff alleges that the defendants breached the implied covenant of good faith and fair dealing by doing business under a fictitious trade name, entering into a contract with the plaintiff under that name without registering the name according to Connecticut General Statutes § 35-1[1] and by using a fictitious name in an attempt to disguise or hide themselves and deceive and mislead the plaintiff. The plaintiff further alleges that the defendants breached the implied covenant of good faith and fair dealing by failing to complete the contract and that the defendants' conduct was CT Page 15783 willful, wanton, outrageous and malicious.
The defendants move to strike counts three and four on the ground that the plaintiff fails to allege all the required elements of a cause of action for breach of the implied covenant of good faith and fair dealing. Specifically, the defendants contend that the plaintiff fails to connect its allegations that the defendants breached the contract to its allegations that the defendants acted in bad faith by using a fictitious name. They argue that the plaintiff's allegation that they used a trade name is irrelevant because it was not their use or misuse of the trade name that caused the alleged breach of the contract. The defendants further argue that the plaintiff fails to allege facts to support their allegation that the defendants acted maliciously in breaching the contract.
"It is axiomatic that the implied duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship. . . .The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term." (Citations omitted; internal quotation marks omitted.)Hoskins v. Titan Value Equities Group, Inc., 252 Conn. 789, 793,749 A.2d 1144 (2000). "The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the other party in the performance of every contract. . . .Essentially, it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." (Citations omitted; internal quotation marks omitted.) Southbridge Associates, LLCv. Garofalo 53 Conn. App. 11, 16, 728 A.2d 1114, cert. denied,249 Conn. 919, 733 A.2d 229 (1999)
In this case, the plaintiff's allegations regarding the defendants' use of a fictitious name involve conduct that the defendants allegedly engaged in prior to the time the parties began to perform their respective duties under the contract. In accordance with the purpose of this cause of action, "[t]he good faith principle applicable to the field of contracts applies not to the events and activities which led up to the forming of a contract but rather to the performance or enforcement of a contract because the rule emphasizes faithfulness to a common purposes. Whether a party to a contract has been faithful to its common purpose can only be determined after performance has begun." Walsh Securities, Inc.v. Daniels, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 350200 (November 1, 1999, Mottolese, J.). CT Page 15784 Allegations which "have nothing to do with either performance or enforcement" of a contract will not support a cause of action for breach of the covenant of good faith and fair dealing. Id. Thus, the plaintiff's allegations regarding the defendants' use of a fictitious name are insufficient to support their causes of action for breach of the covenant of good faith and fair dealing.
The plaintiff also included a general allegation in counts three and four that the defendants' conduct in failing to complete the contract was willful, wanton, outrageous and malicious. A plaintiff asserting a claim for breach of the implied covenant of good faith and fair dealing must allege three essential elements: "first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith."ShareAmerica Inc. v. Ernst Young, Superior Court, judicial district of Waterbury, Docket No. 150132 (July 2, 1999, Sheldon, J.). The defendants argue that the plaintiff's allegations that they acted maliciously are conclusory and not supported by factual allegations that they acted in bad faith.
"Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested and sinister motive. . . .Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Habetz v. Condon, 224 Conn. 231, 237, 613 A.2d 501 (1992). "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v.Berglewicz, 32 Conn. App. 357, 362, 632 A.2d 709 (1993). Thus, a claim for breach of the implied covenant of good faith and fair dealing is not legally sufficient unless a dishonest purpose or sinister motive is alleged. Id.[2]
In the present case, viewing the allegations in the complaint construed in the plaintiff's favor, the plaintiff entered into a contract with the defendants, the defendants partially performed the work, the plaintiff made progress payments to the defendants for their work, the plaintiff demanded that the defendants complete their contractual obligations, but the defendants failed, neglected and refused to do so. The plaintiff also alleges that the payments it made to the defendants exceeded the value of the work that they performed and that the defendants retained payments CT Page 15785 for work that they have not completed. These factual allegations are insufficient to support a claim for breach of the implied covenant of good faith and fair dealing. The plaintiff does not allege facts to show that the defendants' actions in breaching the contract were done with dishonest purpose or sinister motive. A motion to strike a cause of action for breach of the covenant of good faith and fair dealing is properly granted when the facts alleged therein "do not support a dishonest purpose or sinister motive." Brouillard v. United IlluminatingCo., Superior Court, judicial district of New Haven at New Haven, Docket No. 418595 (June 1, 1999, Silbert, J.) Therefore, the plaintiff's allegations regarding the defendants' conduct in breaching the contract are not sufficient to support its causes of action for breach of the covenant of good faith and fair dealing.
Based on the foregoing, the defendants' motion to strike counts three and four of the plaintiff's complaint is granted.
SKOLNICK, J.