[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The Plaintiff Anthony Eaton, alleges that he was injured in an automobile accident on February 3, 1996, and that the limits of the insurance policy of the responsible parties have been exhausted. He claims that although he had underinsured motorist protection in effect at said time and that the responsible parties were underinsured motorists as provided in the Plaintiff's insurance policy with the Defendant, GEICO Insurance Company (GEICO), the Defendant has refused to honor said policy.
The salient facts of this case, taken from the first count of the complaint, are as follows. The Plaintiff alleges that he had an insurance policy with the Defendant, that the policy contained underinsured motorist protection, that he had an accident with the owner and operator of an underinsured vehicle, that the accident was the fault of the underinsured driver, that he sustained serious and permanent injuries, and that he exhausted the insurance available under the responsible parties' insurance policy.
The revised complaint contains four counts. The second, third and fourth counts repeat the background allegations found in count one and add the following claims respectively: "[t]he refusal of the defendant, GEICO Insurance Company to honor the underinsured provision of its insurance policy with the plaintiff is in direct violation of § 38a-336
(b) of the Connecticut General Statutes"; (second count, ¶ 16); "[t]he failure of the defendant, GEICO Insurance Company to honor the underinsured provision of the policy of insurance it had and continues to have with the plaintiff constitutes an unfair settlement practice within the meaning of § 38a-816 (6)(d) and as such is violative of the Connecticut Unfair Insurance Practices Act (`CUIPA')"; (third count, ¶ 16); "[t]he plaintiff relied upon, to his detriment, the contractual representations made by the defendant . . . contained in the aforementioned contract and/or policy of insurance," and "[t]he defendant, GEICO Insurance Co.'s refusal to honor and enforce the contractual provision of its insurance policy concerning underinsured motorist coverage amounts to a breach of contract and is in the nature of bad faith"; (fourth count, ¶¶ 16-17). CT Page 2202
The Plaintiff filed the initial summons and complaint for this lawsuit on February 4, 1999. Subsequently, the Plaintiff filed a revised complaint on February 8, 2000. On February 9, 2000, the Defendant filed a motion to strike the second, third and fourth counts of the revised complaint as well as the claims for punitive damages and attorney fees found therein, all on the grounds that "the complaint fails to set forth sufficient facts to support the [causes] of action [or] the relief requested."[1] The Defendant also filed a memorandum of law in support of its motion, and the Plaintiff filed a memorandum in opposition on March 17, 2000.
The motion to strike is governed by Practice Book § 10-39. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). This rule extends to prayers for relief, "if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325 (1998). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68 (1997). The court "must read the allegations of the complaint generously to sustain its viability, if possible. . . ." ATC Partnership v. Windham, 251 Conn. 597, 603, cert. denied, ___ U.S. ___, 120 S.Ct. 2217, 147 L.Ed.2d 249 (1999). "[P]leadings must be construed broadly and realistically, rather than narrowly and technically. . . ." Doe v. Yale University, 252 Conn. 641,667 (2000).
 I SECOND COUNT
The Defendant advances three arguments in support of its motion to strike the second count. First, the Defendant argues that the second count is identical to the first count. Second, the Defendant argues that no private right of action exists under General Statutes § 38a-336
(b). Finally, the Defendant argues that assuming, arguendo, that there is a private right of action under § 38a-336 (b), the Plaintiff has failed to allege any wrongdoing.
The court makes two initial observations. The first is that a motion to strike is not the proper procedure for eliminating repetitive claims.Atlas Construction Co. v. Amity Regional School District No. 5, Superior Court, judicial district of New Haven at New Haven, Docket No. 405442 (March 25, 1999, Moran, J.) ("[a] request to revise, and not a motion to CT Page 2203 strike, is the proper procedural device for deletion of duplicative pleadings." (Internal quotation marks omitted.) Accordingly, the motion to strike is denied as to this ground.
Next, the court observes that the first count of the revised complaint does not allege any wrongdoing on the part of the Defendant. In addition to background information, count one's allegations merely assert that the Plaintiff's policy included underinsured motorist coverage, that the tortfeasor's policy had been exhausted and that the Plaintiff is entitled to recover underinsured motorist benefits from the Defendant for the full amount of damages he suffered. This first count contains no allegation as to an amount to which the Plaintiff claims he is entitled and no allegation that the Defendant has breached its agreement or failed to pay after an amount of damages was determined.
Contrary to the Defendant's argument that the second count is identical to the first count, the second count differs from the first count in that it contains a claim that the Defendant refused to honor the underinsured provision of the policy in violation of General Statutes § 38a-336
(b). (Second count, ¶ 16.) This allegation does not amount, a fortiori, to a cognizable claim, however. The second count does no more than state that the policy contained underinsured motorist coverage and that the Defendant failed to honor such coverage. The Plaintiff does not allege, for example, what amount of damages he suffered, that such amount exceeds the amount he already received in his underlying claim, or that the Defendant's refusal to pay is a breach of the terms of the policy. The mere allegation that the Defendant refused "to honor the underinsured provision of its insurance policy with the plaintiff," without more, cannot automatically be equated with either a violation of this statute or a breach of contract. General Statutes § 38a-336 (b) does not require payment prior to, or in the absence of, a determination of damages.
Because the Plaintiff has wholly failed to allege that the Defendant has committed an actionable wrong, the court declines to reach the question of whether General Statutes § 38a-336 (b) affords the Plaintiff a private right of action. The motion to strike the second count is hereby granted.
 II THIRD COUNT
The third count repeats the allegations of the first count and adds an allegation that the Defendant's failure "to honor the underinsured CT Page 2204 provision of the policy" constitutes "an unfair settlement practice within the meaning of § 38a-816 (6)(d) and as such is violative of the Connecticut Unfair Insurance Practices Act (`CUIPA')."
For a claim under § 38a-816 (6)(d), "the claimant must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice. . . ." (Brackets in original; internal quotation marks omitted.) Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796 (1995). "In requiring proof that the insurer has engaged in unfair settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct. . . . [A]lleged improper conduct in the handling of a single insurance claim, without any [allegations] of misconduct by the defendant in the processing of any other claim, does not give rise to the level of a general business practice as required by § 38a-816 (6)." (Citation omitted; internal quotation marks omitted.) Lees v. MiddlesexIns. Co., 229 Conn. 842, 849 (1994); see also Walker v. AllstateIndemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 357641 (May 16, 2000, Skolnick, J.).
The Plaintiff has failed to set forth any facts to support his claim of a violation of CUIPA or that would compose a general business practice. The Plaintiff simply alleges an isolated instance of insurer misconduct based on his claim against the Defendant. The Plaintiff has failed to sufficiently state a CUIPA claim because he has failed to allege a general business practice of the Defendant. Therefore, the Defendant's motion to strike count three is granted.
 III FOURTH COUNT
The fourth count adds two additional claims to the allegations found in the first count: an allegation of the Plaintiff's reliance, to his detriment, on representations in the insurance policy, and an allegation of bad faith by the Defendant in refusing to honor the contract.
As for the allegation that the Plaintiff relied to his detriment on the representations contained in the policy, this claim suffers from the same omissions that plague the second count of the complaint. For example, the Plaintiff fails to allege what amount of damages he suffered, that such amount exceeds the amount he already received in his underlying claim, or that the Defendant breached the terms of the policy. CT Page 2205
As to the Plaintiff's claim of bad faith, General Statutes § 38a-816
defines and itemizes unfair practices, including unfair claim settlement practices. The Plaintiff has not alleged facts of specific actions by the Defendant that would constitute violations of § 38a-816. It is true that all insurance contracts include an implied covenant of good faith and fair dealing, however, a claim for bad faith must set forth facts beyond a mere claim that the carrier failed to pay or failed to honor the claim for benefits.
 "Bad faith means more than mere negligence; it involves a dishonest purpose." Gupta v. New Britain General Hospital, [239 Conn. 574, 598, 687 A.2d 111
(1996)]. "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v. Berglewicz, 32 Conn. App. 857, 862, 632 A.2d 709
(1993). "[B]ad faith . . . implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." Buckman v. People Express, Inc., 205 Conn. 166, 171, 530 A.2d 596 (1987). Thus, in order to bring a claim for breach of the covenant of good faith and fair dealing. "the plaintiff must allege that the defendant did more than simply deny the plaintiff's claim for benefits." Puglio v. National Grange Mutual Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303610 (October 12, 1993, Maiocco, J.).
(Emphasis added.) Mynahan v. Prudential Ins. Co. of America, Superior Court, judicial district of Waterbury, Docket No. 132774 (April 8, 1998,Espinosa, J.).
In the present case, the Plaintiff has done no more than assert that the Defendant has failed to honor its contract of insurance. Such an allegation is insufficient. Moreover, the Plaintiff has not alleged either a wilful, reckless or arbitrary basis for the Defendant's alleged breach. Anatra v. Waldo, Superior Court, judicial district of New Haven at New Haven, Docket No. 390668 (February 27, 1998, Hartmere, J.). It is essential that the complaint allege wanton and malicious injury, evil motive and violence. Grant v. Colonial Penn Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321277 (January 16, 1996, Hauser, J.) (16 Conn.L.Rptr. 49, 51). Here there are no such CT Page 2206 allegations.
For these reasons, the Defendant's motion to strike the fourth count is granted.
 IV CLAIMS FOR RELIEF OF PUNITIVE DAMAGES AND ATTORNEY'S FEES
The Plaintiff has failed to object to the Defendant's motion to strike his claims for punitive damages and attorney's fees. Based upon this failure, and the above rulings related to counts two, three and four; the Defendant's motion to strike these claims for relief is granted.
 CONCLUSION
The Defendant's motion to strike counts two, three and four, and the prayers for punitive damages and attorney's fees,
Hiller, J.