[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (#159)
The present action arises out of a claim for insurance coverage made by the plaintiff, William D. Atwood, Jr., under a policy of automobile insurance that was issued to the plaintiff by the defendant, the Progressive Insurance Company.
The following facts are undisputed. In 1992, the plaintiff purchased a "liability only" motorcycle insurance policy from the defendant. He renewed that policy, for one year terms, in March of 1993 and again in March of 1994. The 1994 policy ran from March 26, 1994, to March 26, 1995. As of May 16, 1994, the plaintiff had paid the total premium due under the policy. Also, in May 1994, the plaintiff filed an application with the defendant's agent to add property damage coverage to his policy, which theretofore provided only liability coverage. The defendant sent the plaintiff an amended declarations page, which reflected that the CT Page 12420 policy now included property damage coverage as well as liability coverage. The defendant also sent the plaintiff a bill for $184, which was the amount of the premium due for the additional coverage. The plaintiff denies ever receiving such a bill. On August 15, 1994, the defendant sent the plaintiff a notice of cancellation. That notice stated that if the plaintiff did not pay to the defendant $184 his policy would be canceled effective August 27, 1994. The plaintiff interpreted the notice of cancellation as a billing statement and mailed a $184 payment to the defendant that was postmarked August 31, 1994. That payment was deposited in the defendant's bank account on or before September 2, 1994.
On September 2, 1994, the plaintiff was involved in a motor vehicle accident. The plaintiff, as well as the driver of the automobile that the plaintiff allegedly collided with, Kathleen Volk, suffered injuries as a result of that accident. The plaintiff reported the accident to the defendant on the date it occurred, September 2, 1994.
Thereafter, the defendant mailed the plaintiff a $156 refund check dated September 3, 1994. The envelope that contained the refund check had postmark dates of both September 7, 1994, and September 9, 1994. Further, by letter dated September 13, 1994, the defendant notified the plaintiff that his policy with the defendant was canceled effective August 27, 1994 and, therefore, the plaintiff had no insurance coverage with the defendant on September 2, 1994, the date of the accident. Volk later brought an action against the plaintiff seeking to recover damages for the injuries she suffered as a result of the collision. Despite the plaintiff's requests to do so, the defendant refused to provide the plaintiff with a defense in the Volk action, claiming that it had no obligation to do so because the plaintiff's policy was canceled prior to the date of the accident. Ultimately, the defendant did undertake defense of the Volk action on behalf of the plaintiff but did so under a reservation of rights.
On July 7, 1995, the plaintiff filed a declaratory judgment action against the defendant seeking a declaration by the court that he had coverage in effect with the defendant on September 2, 1994. On December 26, 1996, the defendant filed a motion for summary judgment on the ground that there was no genuine issue of material fact in dispute and that it was entitled to judgment as a matter of law that the plaintiff's policy of insurance was canceled prior to the date of the accident and, therefore, the plaintiff was not entitled to coverage under that policy. On September 3, 1997, the court, Corradino, J., denied the defendant's motion for two reasons. First, the court found that summary judgment was not warranted because the defendant failed to prove that the plaintiff was given at least ten days notice of cancellation from the date of his CT Page 12421 receipt of the notice, as required by General Statutes § 38a-343
(a).[1] Second, the court found that even if the defendant could prove that it had complied with § 38a-343 (a), summary judgment was not warranted because it was inappropriate for the defendant to cancel the entire policy, for which the plaintiff had already fully paid the liability coverage, rather than just the additional property damage coverage, which coverage was severable from the original policy.
On October 2, 1997, the plaintiff filed an amended complaint. The amended complaint sets out three additional counts. Count two alleges a claim for underinsured motorist benefits. Count three seeks reimbursement for attorneys fees and other expenses that the plaintiff was caused to incur in defending a suit brought against him by Volk, all of which he alleges were due to the defendant's unreasonable delay in deciding to defend the plaintiff in that action and its failure to assume its duties under the policy. Count four alleges that the defendant acted in bad faith in handling the plaintiff's claim for insurance coverage under his policy with the defendant.
The defendant now moves for partial summary judgment as to count four of the amended complaint on the ground that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law that it cannot be liable for bad faith under the circumstances of this case. The plaintiff opposes the motion and has filed a memorandum in opposition to the defendant's motion.
A motion for "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact."Appleton v. Board of Education, (Citations omitted; internal quotation marks omitted.) 254 Conn. 205, 209, 757 A.2d 1059 (2000)
The defendant argues that it cannot be held liable for bad faith in refusing to pay the plaintiff's claims under the policy because it had a legitimate basis for disclaiming coverage under the circumstances of this case and, therefore, it is entitled to summary judgment as a matter of law. It argues that at the time that the plaintiff instituted this action there were open questions of law and fact as to whether its cancellation of the policy was timely and-whether it was entitled to cancel the entire CT Page 12422 policy, rather than just the additional coverage for which the plaintiff had not yet paid. Accordingly, it argues that it cannot be held to have acted in bad faith in refusing to honor the plaintiff's claim where it was simply pursuing its right to assert a reasonable defense and where there is no controlling Connecticut case law that rendered its assertion that the policy was canceled an unreasonable or inappropriate assertion.
The plaintiff disagrees. He argues that an insurer cannot immunize itself from liability for bad faith conduct by arguing that it had a legitimate basis for disclaiming liability where such basis is raised after the fact and where it is seized upon as a pretext for declining to honor its obligations under the policy. Accordingly, he argues that summary judgment is inappropriate because there are genuine issues of material fact in dispute and the defendant is not entitled to judgment as a matter of law. This court agrees with the plaintiff.
"Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992). "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v.Berglewicz, 32 Conn. App. 857, 862, 632 A.2d 709 (1993).
In the present case, the plaintiff alleges, inter alia, that the defendant acted in bad faith in claiming that the plaintiff's insurance policy was canceled in order to avoid its responsibilities under the policy. In other words, the plaintiff is claiming that the defendant had no intention of canceling the plaintiff's policy, despite the alleged lateness of his payment, until it learned of his September 2, 1994 motor vehicle accident and then decided to effectuate the cancellation in order to avoid any potential liability for claims that may have arisen as a result of that accident.
These allegations, regarding the defendant's state of mind and motives, involve factual inquiries that are not ordinarily subject to a determination on the basis of evidentiary proof alone. Shay v. Rossi,253 Conn. 134, 174, 749 A.2d 1147 (2000). Further, a resolution of the question as to whether the defendant in the present case acted in bad faith would require this court to make a determination as to the defendant's intentions and motivations regarding cancellation of the policy. "Intent is clearly a question of-fact that is ordinarily inferred from one's conduct or acts under the circumstances of a particular case." CT Page 12423Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111, 639 A.2d 507
(1994). "It is for the finder of fact, not the court on summary judgment, to determine what inferences to draw." Id. It is the general rule that "issues involving motive and intent are not properly resolved on a motion for summary judgment." Union Trust Co. v. Jackson,42 Conn. App. 413, 419, 679 A.2d 421 (1996).
Accordingly, the court finds that summary judgment is not warranted because the issue as to whether the defendant has acted in bad faith is a factual inquiry, which is inappropriate for determination on summary judgment, and, therefore, the defendant's motion for summary judgment as to count four is denied.
The Court
 By __________________ Moran J.