[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Introduction
This action was commenced by Joseph Cohn Son, Inc. on October 4, 2001. Cohn's original complaint set forth three causes of action against the defendant. Breach of contract; unjust enrichment; and, breach of covenant of good faith and fair dealing by the defendant. On November 29, 2001, the defendant filed a request to revise requesting that the plaintiff revise the entire third count to set forth the "alleged grounds and factual basis for the claim of the breach of the covenant of good faith in fair dealing." On December 6, 2001, the plaintiff filed an amended complaint in response to the defendant's request to revise.
In the amended complaint the plaintiff incorporated paragraphs 1 through 9 of Count One [the breach of contract] as paragraphs 1 through 9 of the Third Count. The plaintiff then added to the Third Count Paragraphs 10 through 18.
As summarized on page six of the plaintiff's memorandum, the facts in the Third Count which are in addition to the facts alleged in the First CT Page 6088 Count may be summarized as follows:
 "[1] Plaintiff performed extra work at the request of the defendant, frequently in writing, but the defendant has not paid the plaintiff for much of said extra work; [2] the plaintiff did not receive back charge notifications from the defendant during the project, however, after the project, the defendant back charged the plaintiff; [3] the plaintiff completed its subcontract work in September, 2000, but the defendant, despite the passage of fifteen (15) months, has not paid substantial sums due and owing to the plaintiff [4] despite the fact that its agent admitted to the plaintiff seven (7) months ago that the defendant is liable tot he plaintiff for substantial portions of plaintiff's claim, the defendant has not paid any portion of the amount conceded; and [5] the defendant's refusal to pay the plaintiff is not prompted by an honest mistake of fact."
Discussion
Our Supreme Court has held:
 "Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose . . . it contemplates a state of mind affirmatively operating with furtive, design or ill-will."
Buckman v. People's Express, Inc., 205 Conn. 166, 171 (1987).
The court has also held:
 "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive."
Habetz v. Condon, 224 Conn. 231, 237 (1992).
In a similar vein "neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister CT Page 6089 motive." Feinberg v. Berglewicz, 32 Conn. App. 857, 862 (1993).
As set forth more fully above, in addition to its claim for breach of contract the plaintiff claimed to have performed extra work for which it was not paid, to have received untimely back charge notification, to have completed its work in September of 2000 but not been paid, and that the defendant's refusal to pay is not prompted by an honest mistake.
The first three claims would appear to be garden variety breach of contract claims. The last claim is no more than a conclusion supported by no facts. The most troubling aspect of the plaintiff's complaint is its fourth claim "despite the fact that its agent admitted to the plaintiff seven (7) months ago that the defendant is liable to the plaintiff for substantial portions of the plaintiff's claim, the defendant has not paid any portion of the amount conceded."
Judge Skolnick writing in Pine Creek Partners, LLC v. Seamen, 2000 WL 331538, set forth the three elements of a claim for breach of implied covenant of good faith and fair dealing as follows:
 "First, that the plaintiff and defendant were parties to a contract under which the plaintiff's reasonably expected to receive certain benefits; second, that the defendant's engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith."
There is little question that the first element of Pine Creek is satisfied in the instant matter. Taking the facts as true for purposes of the motion to strike, the second element of the Pine Creek test is satisfied. However, in the opinion of the court, the plaintiff has not alleged any facts, as opposed to unsubstantiated conclusions, which show that the defendant was acting in bad faith.
Accordingly, the motion to strike Count Three of the amended complaint is granted.
By the court,
Kevin E. Booth, Judge CT Page 6090