[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #118
On January 22, 2002, the plaintiff, Maria Ferrer, as administrator of the Estate of Julio Ferrer and individually, filed a four-count amended revised complaint against the defendants, Andre Edwards and American International Group Insurance (American).
In count one the plaintiff alleges the following facts all of which are incorporated by reference in counts two through four. On March 11, 1998, Edwards was driving a car owned and insured by the plaintiff through American. Edwards did not have automobile insurance. As Julio Ferrer was attempting to enter the passenger side of the car, Edwards began driving the vehicle, with Julio Ferrer hanging on to the passenger door. As a proximate result of Edwards' negligence and carelessness in the operation of the vehicle, Julio Ferrer suffered massive internal injuries that resulted in his death.
Counts one and two allege claims in negligence and recklessness, respectively, against Edwards, who is not a party to the motion currently before the court. In count three the plaintiff alleges that she obtained automobile insurance from American, which provided uninsured motorist coverage. She further alleges a breach of contract on the part of American because they denied her benefits to which she was entitled under the insurance contract. In count four the plaintiff alleges that American denied her claim in bad faith. Specifically, the plaintiff alleges that she was denied benefits because she is a foreigner and cannot speak English.
On March 12, 2002, American filed a motion to strike count four of the complaint on the ground that it "is legally insufficient in that it does not allege sufficient facts to support a claim of bad faith . . ."
As required by Practice Book § 10-42, American has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition. CT Page 2321
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are take as admitted." (Citations omitted; internal quotation marks omitted.) Gazo v. Stamford,255 Conn. 245, 260, 765 A.2d 505 (2001).
American moves to strike the fourth count of the plaintiff's complaint on the ground that the plaintiff has failed to allege sufficient facts to support a claim of bad faith. American argues in support of its motion that the plaintiff has only alleged that American denied her claim and that allegation alone does not rise to the level of bad faith.
The plaintiff, in her memorandum of law in opposition argues: (1) that she has alleged more than just a denial of coverage, (2) that she was denied coverage because American improperly considered her ethnicity in making the determination to deny her benefits and (3) that this allegation when viewed in the light most favorable to the plaintiff is sufficient to allege a bad faith claim.
"Bad faith means more than mere negligence; it involves a dishonest purpose." (Internal quotation marks omitted.) Gupta v. New Britain GeneralHospital, 239 Conn. 574, 598, 687 A.2d 111 (1996). "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v. Berglewicz, 32 Conn. App. 857,862, 632 A.2d 709 (1993). "[B]ad faith . . . implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." (Internal quotation marks omitted.) Buckman v. PeopleExpress, Inc., 205 Conn. 166, 171, 530 A.2d 596 (1987). In the present case the plaintiff has sufficiently pled a claim for bad faith by alleging that she was denied benefits because she was a foreigner and could not speak English. Taking the plaintiff's allegation as true, these allegations are sufficient to support a claim that there was an ill will on the part of the defendant in denying her claim for benefits.
Furthermore, within every contract there is an "implied covenant of good faith and fair dealing [which] has been applied . . . in a variety of contractual relationships, including . . . insurance contracts . . ." CT Page 2322 (Internal quotation marks omitted.) Verrastro v. Middlesex Ins. Co.,207 Conn. 179, 190, 540 A.2d 693 (1988). "[A]n action for breach of the covenant of good faith and fair dealing requires proof of three essential elements, which [the] plaintiff must duly plead: first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith." (Internal quotation marks omitted.) Tarabek v.Hartford Ins. Co., Superior Court, judicial district of New London, CV02 0561153 (August 26, 2002, Hurley, J.).
The plaintiff has sufficiently alleged all three of these elements. The plaintiff has sufficiently pled that there was an insurance contract with the defendant and that she was due benefits under that contract in case of an accident caused by an uninsured driver. The plaintiff has also sufficiently pleaded that she suffered financial loss from the denial of benefits that were owed to her pursuant to the contract. Finally, the plaintiff has sufficiently pleaded that the defendant was acting in bad faith in denying her benefits because she was a foreigner and could not speak English.
The defendant's motion to strike is denied because the plaintiff has sufficiently pleaded a claim for bad faith.
 Howard F. Zoarski Judge Trial Referee
CT Page 2323