[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #114 
CT Page 15790
Before the court is the defendant's motion to strike counts three and four of the plaintiff's amended complaint.
The plaintiff, Technical Gas Products, filed its amended complaint on September 20, 2000, against the defendant, Barnes Engineering Company. The plaintiff alleges that the defendant entered into a contract with it for the delivery of the defendant's industrial gas needs for five years, but that the defendant entered into the contract intending to breach it. The plaintiff further alleges that the defendant not only breached the contract, but did so in a way that constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110b.
In the first count, the plaintiff alleges a cause of action for breach of contract. In the second count, the plaintiff alleges a cause of action under General Statutes § 42a-2-301. In the third count, the plaintiff alleges a cause of action for breach of implied covenant of good faith and fair dealing. In the fourth count, the plaintiff alleges a cause of action for a violation of CUTPA.
The defendant filed a motion to strike the third and fourth counts, and a memorandum in support thereof The plaintiffs filed an objection to the motion to strike, and a memorandum in opposition. The defendant filed a reply memorandum.
"[A] motion to strike challenges the legal sufficiency of a pleading, and, consequently [the court] must . . . take the facts to be those alleged in the complaint . . . and construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193, 212-13,746 A.2d 730 (2000).
In count three of its amended complaint, the plaintiff alleges that the defendant breached its implied covenant of good faith and fair dealing. The defendant argues that there is no separate cause of action for breach of the implied covenant of good faith and fair dealing because the CT Page 15791 allegations are the same as the breach of contract claim contained in count one. The defendant further argues that the court, Rush, J., struck the plaintiff's bad faith and CUTPA claims, and, therefore, that these claims cannot be maintained presently is the law of the case.
To begin, a plaintiff may file substitute pleadings within fifteen days of a granting of a motion to strike. Practice Book § 10-44. The court granted the motion to strike on September 5, 2000 and the plaintiff filed the amended complaint on September 20, 2000. Contrary to the defendant's assertion, counts three and four of the September 20, 2000 amended complaint are not identical to the previously stricken counts. Paragraph twelve of count three and paragraph ten of count four now contain factual allegations that were not present in the previous complaint. Count three purports to allege a cause of action for bad faith and count four purports to allege a cause of action for a violation of CUTPA. The court will first address count three.
"It is axiomatic that the implied duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship. . . .[T]he existence of a contract between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing." (Citations omitted; internal quotation marks omitted.) Hoskinsv. Titan Value Equities Group, 252 Conn. 789, 793, 749 A.2d 1144 (2000).
In the present case, the plaintiff alleges that a contract existed between it and the defendant. Further, the plaintiff alleges that the defendant breached that contract in bad faith by failing to faithfully perform its obligations under the agreement. "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v. Berglewicz, 32 Conn. App. 857,862, 632 A.2d 709 (1993). Here, the plaintiff alleges that the defendant entered into a binding agreement with it, used the plaintiff as leverage to negotiate a better deal with another industrial gas supplier, and then wilfully refused to carry out its obligations to the detriment of the plaintiff. The plaintiff, therefore, has sufficiently plead facts to sustain a cause of action for breach of the implied covenant of good faith and fair dealing. Accordingly, the defendant's motion to strike count two of the plaintiff's amended complaint is denied.
In count four of the amended complaint, the plaintiff alleges that the defendant's actions constitute a violation of CUTPA. The defendant moves to strike count four arguing that a simple breach of contract does not amount to a CUTPA violation. In response, the plaintiff argues that it plead sufficient facts to sustain a cause of action for a violation of CUTPA because it alleges more than a simple breach of contract, it alleges that the defendant intentionally breached the contract in bad CT Page 15792 faith, and committed acts that are immoral. unscrupulous or unethical.
"It is well settled that in determining whether a practice violated CUTPA [the Connecticut Supreme Court has] adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy' as it has been established by statutes, the common law, or otherwise — in other words it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . .All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lessor extent it meets all three." (Internal quotation marks omitted.) Willow Springs CondominiumAssn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 43, 717 A.2d 77
(1998).
In the present case, the plaintiff alleges the following facts in support of its cause of action based on CUTPA. The defendant "negotiated and executed the Agreement when it never intended to break off its current gas purchases from Airgas . . . requested and/or allowed the plaintiff to repair its existing system, and it then claimed that such repair constituted a renewal of its contract with Airgas . . . requested and/or allowed the plaintiff to correct design defects in its existing system, and it then claimed that such corrections constituted a renewal of its contract with Airgas... at the time the plaintiff's contract was to commence, it decided to honor Airgas's [sic] claim that its contract had been renewed by the repairs and/or corrections carried out by the plaintiff and face this lawsuit rather than do battle with Airgas . . . negotiated and accepted pricing considerations and other benefits from Airgas, favorable to Barnes, rather than honor its obligations to the plaintiff." (Amended Complaint, Count 4, ¶ 10(a)-(e).)
"[A] violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. . . .Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." (Internal quotation marks omitted.) Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp., supra.245 Conn. 43. In the present case, the plaintiff has alleged factual allegations that are sufficient to support a cause of action, based on an actual deceptive practice, for a violation of CUTPA. Accordingly, the defendant's motion to strike count three of the plaintiff's amended complaint is denied. CT Page 15793
Based on the foregoing, the defendant's motion to strike counts three and four of the plaintiff's amended complaint is denied.
JOHN MORAN, JUDGE