[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION TO STRIKE COUNTERCLAIM (#116)
In the instant motion, the plaintiff moves to strike Counts Four and Five of the defendant's Counterclaim and the corresponding prayer for relief #8.
The plaintiff seeks to strike Count Four of the Counterclaim, which alleges a breach of the implied covenant of good faith and fair dealing, on the ground that it does not allege an independent cause of action as recognized in Connecticut.
Count Four incorporates the allegations of an earlier count and then alleges in a conclusory fashion that "[b]y failing to disclose hazardous conditions on the Property, Counterclaim-Defendant has breached the covenant of good faith and fair dealing . . ." and "[a]s a result . . . Counterclaim-Defendants[1] have suffered and will continue to suffer substantial economic loss and injury."
"Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v.Berglewicz, 32 Conn. App. 857. 862, 632 A.2d 709 (1993). See alsoTechnical Gas Products. LLC v. Barnes Engineering Company, Superior CT Page 11416 Court, judicial district of Fairfield at Bridgeport, Docket No. 372665 (December 21, 2000, 28 Conn. L. Rptr. 571, Moran, J.). "[B]ad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." (Internal quotation marks omitted.)Krolikowski v. GE Life and Annuity Assurance Company, Superior Court, judicial district of Stamford-Norwalk at Norwalk, Docket No. 174898 (June 12, 2000, D'Andrea, J.). "If the facts alleged have the sound of a dishonest purpose, this allegation of misconduct is what matters . . ." (Internal quotation marks omitted.) Id.
Count Four is devoid of any allegation that, even in its most favorable light, may be construed to allege a "sinister motive." The allegations sound in negligence, not dishonest purpose. As such, the allegations of Count Four are legally insufficient. The Motion to Strike Counterclaim Count Four is granted.
Additionally, the plaintiff moves to strike Count Five and corresponding prayer for relief #8, which allege a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110a, et seq., on the grounds that the allegations therein are conclusory, fail to plead with particularity and fail to plead facts that establish that the plaintiffs conduct injures the public.
The Connecticut Unfair Trade Practices Act "requires some recognizable public interest in preventing the challenged wrongdoing." Ivey, Barnum O'Mara v. Indian Harbor Properties, 190 Conn. 528, 536, 461 A.2d 1369
(1983). "The special relief afforded by CUTPA requires, in a private dispute, the assertion of a public interest that is specific and substantial." (Internal quotation marks omitted.) Id., 540. "Under guiding federal law, allegedly deceptive acts or practices which arise out of a private controversy are actionable only if the acts or practices have a potential effect on the general consuming public." Id.
Count Five does not allege any effect on the consuming public and is, consequently, legally insufficient. The Motion to Strike Counterclaim Count Five and the corresponding prayer for relief #8 is granted.
In conclusion, the Motion to Strike (#116) is hereby ordered granted.
BY THE COURT
ARENA, J.