[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #150
The plaintiffs, Glenn and Susan Turner, brought this action, involving an insurance claim for water damage in the plaintiffs' home, against the defendant, Allstate Insurance Company (defendant).[1] The plaintiffs allege the following facts: in March 1998, the defendant hired and supervised Service Master of Stamford (Service Master) to help in the cleaning of the plaintiffs' home. In April 1998, the plaintiffs learned that Service Master's efforts led to asbestos contamination and they were forced to evacuate their home. The plaintiffs notified the defendant of the contamination and the defendant hired and supervised Hygenix, Inc. and Murdock Asbestos and Deleading, Inc. to remediate the situation. The defendant had control of the remediation and at the end of the process there was still significant asbestos contamination in the plaintiffs' home. Consequently, the plaintiffs hired their own company to undertake a second remediation, suffered a loss of their personal property and were displaced from their home for over a year.
In an amended complaint dated July 31, 2000, the plaintiffs brought counts seven through ten against the defendant alleging (7) negligence; CT Page 15268 (8) breach of contract; (9) breach of implied covenant of good faith and fair dealing; and (10) violations of the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes § 42-110b.[2] On August 30, 2000, the defendant filed a motion to strike counts nine and ten of the plaintiffs' amended complaint on the ground that they are legally insufficient. The plaintiffs filed a memorandum in opposition.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike. . . ." Practice Book § 10-39(a); see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). The court "[m]ust . . . take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-523, 753 A.2d 927
(2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The defendant argues that in count nine the plaintiffs fail to allege sufficient facts to establish any bad faith or conscious wrongdoing on the part of the defendant as required to set forth a claim for breach of the implied covenant of good faith and fair dealing. "[A]n action for breach of the covenant of good faith and fair dealing requires proof of three essential elements, which the plaintiff must duly plead: first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith." ShareAmerica Inc. v.Ernst Young, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 150132 (July 2, 1999, Sheldon, J.).
"The implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including . . . insurance contracts." (Citations omitted; internal quotation marks omitted.) Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190, 540 A.2d 693
(1988). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or CT Page 15269 sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501
(1992). "In order to make [such a claim] the plaintiff must allege that the defendant did more than simply deny the plaintiff's claim." (Internal quotation marks omitted.) Ryan v. Allstate Indemnity Co. Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142573 (October 22, 1998, D'Andrea, J.)
In the present case, the plaintiffs allege that the defendant violated its covenant of good faith and fair dealing in that (1) the defendant conditioned payment benefits to the plaintiffs upon first signing a general release which would absolve the defendant from any and all claims "including but not limited to any and all actions . . . for damages associated with the water loss . . .;" and (2) the defendant "handled the Turners' claim in a manner designed to minimize Allstate's payments to and on behalf of the Turners, irrespective of the harm suffered by the Turners as a result." (Amended Complaint, ¶ 51(a) and (b).) Construing the complaint in a manner most favorable to sustaining its sufficiency, the foregoing allegations set forth sufficient facts to support a claim for breach of the implied covenant of good faith and fair dealing. See Ryan v. Allstate Indemnity Co., supra, Docket No. 142573 (plaintiff alleged sufficient facts for claim of bad faith when alleged defendant accepted plaintiff's uninsured motorist premiums and provided no coverage thereby maximizing defendant's profits.) Consequently, the defendant's motion to strike count nine is hereby denied.
The defendant argues that in count ten the plaintiffs fail to allege sufficient facts to support a claim of a violation of CUTPA. The defendant maintains that the plaintiffs do not support their allegations that it engaged in unfair trade practices or that the alleged practices constituted a general business practice. The plaintiffs argue that their claims are brought under subsections of CUTPA that do not require allegations that the defendant's conduct constituted a general business practice and that such a requirement only applies when a claim is made solely under § 38a-816 (6).[3]
"[I]t is possible to state a cause of action under CUTPA for a violation of CUIPA." (Internal quotation marks omitted.) Mead v. Burns,199 Conn. 651, 663, 509 A.2d 11 (1986). "[A] CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) [requires] proof, as under CUIPA, that the unfair settlement practice [has] been committed or performed by the defendant with such frequency as to indicate a general business practice." (Internal quotation marks omitted) Lees v. Middlesex Ins. Co., 229 Conn. 842, 850, 643 A.2d 1282
(1994). If the facts alleged are "insufficient to satisfy the requirement CT Page 15270 under CUIPA that the defendant's alleged unfair claim settlement practices constituted a "general business practice, ' the [plaintiffs'] CUTPA claim [cannot] survive the failure of [their] CUIPA claim." Id., 851.
The plaintiffs, however, are not relying solely on § 38a-816 (6). They also rely on § 38a-816 (1) and (15). Superior Court decisions have consistently held that if the language of a subsection of §38a-816 does not require a plaintiff to prove that the defendant engaged in multiple acts, then single instances of misconduct will suffice to state a cause of action under that subsection. See Palmer v. AllstateIndemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 365117 (January 27, 2000, Skolnick, J.) (26 Conn.L.Rptr. 342) (holding that plaintiff bringing claim under § 38a-816
(15), need not allege more than a single act); Braca v. Cigna Ins. Co.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 333159 (March 26, 1999, Melville, J.) (24 Conn.L.Rptr. 316) (same);Holleran v. Nationwide Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 340967 (September 5, 1997, Skolnick,J.) (holding that plaintiff bringing claim under § 38a-816 (1), need not allege more than a single act); Nygaard v. Metropolitan Property Casualty Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 151924 (April 7, 1997, Karazin, J.) ("[A] single act of misconduct is sufficient to support a CUTPA claim."). As a result, the plaintiffs are not required to allege that the defendant's acts constituted a "general business practice" under § 38a-816 (1) and (15). Additionally, as discussed, courts have held that when a plaintiff alleges violations under § 38a-816 (6), however, a general business practice must be alleged. See Lees v. Middlesex Ins. Co., supra,229 Conn. 850. When a plaintiff alleges violations of other subsections of the statute along with § 38a-816 (6), as in the present case, then courts have found that insofar as the statutory language does not require more than a single act of misconduct, the plaintiff is not required to allege a general business practice in order to survive a motion to strike the entire claim. See Braca v. Cigna Ins. Co., supra, Docket No. 333159;Pierce v. Aetna Life Ins. Co., Superior Court, judicial district of Tolland at Rockville, Docket No. 063296 (March 24, 1998, Sullivan, J.);King v. Ehorn, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 044381 (November 17, 1993, Rush, J.) (10 Conn.L.Rptr. 356). The plaintiffs allege numerous instances of misconduct against the defendants in support of their CUTPA claim.[4] Therefore, the defendant's motion to strike count ten is hereby denied.
In conclusion, the plaintiffs have alleged facts which are legally sufficient to sustain claims of breach of the implied covenant of good CT Page 15271 faith and fair dealing and violations of CUTPA. Therefore, the defendant's motion to strike counts nine and ten is hereby denied.
MINTZ, J.