[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (DOCKET ENTRY NO. 121)
Before the court is the defendant's motion to strike counts two, CT Page 10945 three, and four of the plaintiff's amended complaint. On October 16, 1998, the plaintiff, Joanne Holsworth, was involved in three-car accident in which she sustained personal injuries. The alleged tortfeasor was operating an uninsured vehicle. At the time of the accident, the plaintiff was insured under a policy issued by the defendant, Allstate Insurance Company. The defendant has not paid any of the uninsured motorist benefits provided for under the policy.
On July 25, 2000, the plaintiff filed a four count amended compliant alleging causes of action against the defendant for breach of contract (count one), bad faith (count two), negligence (count three), and violations of the Connecticut Unfair Insurance Practices Act (CUIPA) and the Connecticut Unfair Trade Practices Act (CUTPA) (count four). On April 4, 2001, the defendant filed a motion to strike counts two, three, and four of the plaintiff's amended complaint on the ground that they are legally insufficient. The plaintiff filed an objection to the motion on April 10, 2001, and a memorandum in support thereof.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1999). In ruling on a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). [I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id.
In count two, the plaintiff alleges that the defendant acted in bad faith by failing to fully investigate her claim, tender payment to her and give her a reasonable explanation for its denial of her claim. The plaintiff further alleges that "[a] s a direct and proximate result of the defendant's aforementioned bad faith conduct, which has been engaged in by the defendant for the purpose of unreasonably delaying the inevitable settlement of the plaintiff's uninsured motorist claim when the settlement value of same is reasonably clear and/or to cause the plaintiff to sustain further economic and emotional injuries in order to coerce her into accepting an unreasonably low settlement offer [the] CT Page 10946 plaintiff has suffered, and will continue to suffer, substantial monetary losses and damages." (Amended Complaint, count 2, ¶ 21.)
The plaintiff argues that in Palmer v. Allstate Indemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 365117 (January 27, 2000, Skolnick, J.), the court found that allegations virtually identical to hers were sufficient to state a claim for bad faith and, therefore, her claim is legally sufficient. The defendant contends that because the plaintiff fails "to allege that the defendant's offer of settlement was done with a malicious intent, designed to deceive, or was a refusal to fulfill a contractual obligation," count two is legally insufficient as a matter of law. (Defendant's Memorandum, p. 3)
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Gutpa v. NewBritain General Hostital, 239 Conn. 574, 598, 687 A.2d 111 (1996). "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v.Berglewicz, 32 Conn. App. 857, 862, 632 A.2d 709 (1993). "[T]he implied covenant of good faith and fair dealing has been applied by [the Connecticut Supreme Court] in a variety of contractual relationships, including . . . insurance contracts." Verrastro v. Middlesex Ins. Co.,207 Conn. 179, 190, 540 A.2d 693 (1988). "In order to make [such a claim] the plaintiff must allege that the defendant did more than simply deny the plaintiff's claim." (Internal quotation marks omitted.) Ryan v.Allstate Indemnity Cc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 142573 (October 22, 1998,D'Andrea, J.).
In Palmer v. Allstate Indemnity Co., supra, Superior Court, Docket No. 365117, this court found that allegations virtually identical to the present allegations of bad faith made by the plaintiff were legally sufficient to support a claim for bad faith. Therefore, in light ofPalmer, and construing the amended complaint in a manner most favorable to sustaining its sufficiency, the plaintiff's allegations set forth sufficient facts to support a claim for breach of an implied covenant of good faith and fair dealing or bad faith. See also Turner v. AllstateInsurance Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 177471 (December 8, 2000, Mintz, J.) (28 Conn. L. Rptr. 485);Walker v. Allstate Indemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 357641 (May 16, 2000,Skolnick, J.); Brothers v. American Home Assurance Co., Superior Court, CT Page 10947 judicial district of New Haven, Docket No. 364725 (August 25, 1995,Hartmere, J.) (15 Conn.L.Rptr. 4). Accordingly, the defendant's motion to strike count two of the plaintiff's amended complaint is denied.
In count three, the plaintiff alleges that the defendant negligently processed and handled the plaintiff's claims by failing to tender payment to the plaintiff when it should have known that the plaintiff was entitled to compensation and it had sufficient information to justify such payment, and failing to fairly investigate the factual validity of the plaintiff's claim or effectuate a prompt equitable settlement of the plaintiff's claim. (Amended Complaint, count 3, ¶ 20.) The defendant contends that the plaintiff's claim for negligent breach of contract is legally insufficient as a matter of law because she has not alleged that the defendant owed her any duty. In response, the plaintiff argues that in count three she is not alleging negligent breach of contract, but rather that the defendant was negligent in investigating and processing the plaintiff's uninsured motorist claim. The plaintiff further argues that the defendant owed the plaintiff a duty to provide an objective and competent investigation and evaluation of her claim.
"The essential elements of a cause of action in negligence are well established: duty, breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox Homes,Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982). "The existence of a duty is a question of law. . . ." Gazo v. Stamford, 255 Conn. 245, 250,765 A.2d 505 (2001).
Construing the facts in count three of the amended complaint most favorably to the plaintiff, the court finds that the plaintiff states a legally sufficient claim for negligence against the defendant. Accordingly, the defendant's motion to strike count three of the plaintiff's amended complaint is denied.
In count four, the plaintiff incorporates the allegations set forth in count two and further alleges that the defendant's conduct violates the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110a et seq. based on a violation of the Connecticut Unfair Insurance Practice Act (CUIPA), General Statutes § 38a-816 (15). Specifically, the plaintiff argues that because there is no legitimate dispute between the parties as to coverage, liability or damages, pursuant to General Statutes § 38a-816 (15) an insurer must tender payment on a claim CT Page 10948 within forty-five days of receipt to avoid a CUIPA violation. The plaintiff further argues that the defendant has failed to make payment within the confines of General Statutes § 38a-816 (15) and, therefore, it has violated CUIPA. The defendant contends that it attempted to settle the case and tender payment, but the plaintiff declined to accept its offer, and therefore, it cannot be considered to have refused to make payment on the plaintiff's claim.
[I]t is possible to state a cause of action under CUTPA for a violation of CUIPA." (Internal quotation marks omitted.) Engelman v. ConnecticutGeneral life Ins. Co., 240 Conn. 287, 299-300, 690 A.2d 882 (1997). General Statutes § 38a-816 provides in relevant part: "The following are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance . . . (15) (A) Failure to pay accident and health claims . . . within the time periods set forth in subparagraph (B) of this subdivision, unless the Insurance Commissioner determines that a legitimate dispute exists as to coverage, liability or damages or that the claimant has fraudulently caused or contributed to the loss . . . (B) Each insurer shall pay claims not later than forty-five days after receipt by the insurer of the claimant's proof of loss form. . . .
The plaintiff has sufficiently alleged a violation of CUTPA and such violation may form the basis for a violation of CUTPA See Mead v. Burns,199 Conn. 651, 663-66, 509 A.2d 11 (1986); Palmer v. Allstate IndemnityCo., supra, Superior Court, Docket No. 365117. Accordingly, the defendant's the motion to strike count four is denied.
In conclusion, the defendant's motion to strike counts two, three and four of the plaintiff's amended complaint is denied in its entirety.
 ____________________ SKOLNICK, JUDGE