[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION TO STRIKE #128.01
The present action was commenced by service of process on May 18, 2000. The court granted the defendant's motion to strike the third through sixth counts of the original complaint on May 14, 2001. The plaintiff filed an amended complaint on May 29, 2001, and the defendant's motion to strike the third through sixth counts is now before the court. The standard previously set forth by this court in deciding a motion to strike is applicable here.
The plaintiff alleges negligent misrepresentation in the third count of his second amended complaint. Connecticut recognizes a cause of action for negligent misrepresentation in the employment context. To state this cause of action, the plaintiff must allege that: (1) the defendant, in the course of business, supplied false information to the plaintiff to guide the plaintiff in a business transaction; (2) the plaintiff suffered a pecuniary loss; (3) the plaintiff justifiably relied on the information provided by the defendant; (4) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information to the plaintiff. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,
202 Coun. 206, 218 520 A.2d 217 (1987).
The defendant moves to strike this count on the grounds that a threshold element of this cause of action, a false representation made by the defendant, is not alleged. The court does not agree. In examining the complaint, the court notes that the plaintiff alleges that the defendant made statements that were false, that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information, and that the plaintiff suffered pecuniary harm. Because the court must accept, as true, the allegations of a pleading in passing on a motion to strike, the motion is denied as to the third count of the complaint.
The fourth count of the complaint sounds in negligent infliction of emotional distress. The defendant moves to strike this count on the ground that it does not contain allegations of conduct that is extreme or outrageous in nature. Liability for the negligent infliction of emotional distress in an employment context "arises only where it is based upon unreasonable conduct of the defendant in the termination process." (Internal quotation marks omitted.) Parsons v. United TechnologiesCoproration, 243 Conn. 66, 88, 700 A.2d 655 (1997). The plaintiff again fails to allege extreme or outrageous conduct in the termination process. The motion to strike the fourth count is granted. CT Page 13468-dp
The fifth count of the complaint, while labeled as a wrongful discharge, is a claim for breach of the implied covenant of good faith and fair dealing. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement."Gupta v. New Britain General Hospital, 239 Coun. 574. 598, 687 A.2d 111
(1996). "[A]n action for breach of the covenant of good faith and fair dealing requires proof of three essential elements, which the plaintiff must duly plead: first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiffs right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiffs right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith." Turner v.Allstate Insurance, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 177471 (Dec. 8, 2000, Mintz, J.) (28 Conn. L. Rptr. 485), quoting ShareAmerica, Inc. v. Ernst Young, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 150132 (July 2, 1999, Sheldon, J.). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citation omitted; internal quotation marks omitted.) Habetz v. Condon, 224 Conn. 231, 237,618 A.2d 501 (1992). The plaintiff fails to allege a factual basis for a claim of bad faith. Accordingly, the motion to strike the fifth count is granted.
The sixth count sounds in fraud. "The essential elements of an action in common law fraud, as we have repeatedly held, are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Barbara Weisman, Trustee v. Kaspar,
233 Coun. 531, 539, 661 A.2d 530 (1995). The plaintiff alleges that the defendant made oral and written statements that were false and that the defendant knew were false regarding the plaintiffs period of employment. The plaintiff alleges that such statements were made to induce the plaintiff to remain in the defendant's employ rather than to accept a position elsewhere. The plaintiff alleges that he acted upon the defendant's representations and was injured in that: (1) he relinquished CT Page 13468-dq the position he already had; (2) he became bound by a non-compete agreement that precluded employment in a certain field; and (3) he refused an offer of employment with another employer. This is sufficient to withstand a motion to strike; the defendant's motion to strike the sixth count of the plaintiffs amended complaint is denied.
Agati, J.